JOHNS *v.* FERGUSON.

(Division A.   April 8, 1929.)

[121 So. 485.   No. 27823.]

*D. C. Bramlette* and *Lowrey & McLain,* for appellant.

*Jones & Stockett,* for appellee.

SMITH, C. J.   The appellant sued the appellee for damages alleged to have been sustained by him because of the refusal of the appellee to cancel a deed of trust on the margin of the record thereof after being requested so to do. A demurrer to the declaration was sustained, and the cause was dismissed.

The declaration alleges, in substance, that McDonald executed and delivered to the appellee a deed of trust on land to secure a promissory note from him to the appellee, and that the appellant purchased the land from McDonald and paid the appellee the note secured by the deed of trust, which note was then marked ''satisfied'' by the appellee. The declaration also alleges that the appellee resented the payment of this note by the appellant and tried to prevent his doing so for the reason that he desired to foreclose his deed of trust and purchase the land. On May 24, 1927, the appellant wrote appellee as follows: ''As assignee of S. S. McDonald and Geneva McDonald of that certain mortgage in trust to Ackland Jones as trustee for your benefit of date of August 5th, 1926, and recorded in LM Book 5, page 482, of the records of Wilkinson county, Mississippi, I hereby request that you forthwith cancel same of record, same having been paid by me.''

To this letter, the appellee replied on May 26th, as follows: ''With reference to the cancellation of the mortgage, I wish to state that you have the canceled note and as I understand it, you will have to present this note to the clerk of court at Woodville, and on presentation of same, and the payment of his fee, he will cancel the mortgage for you. I do not think that there is anything that I can do in connection with this cancellation. However, if the clerk does not cancel the mortgage for you on presentation of the canceled note, I will then when in Woodville again, do whatever is necessary in order to complete this cancellation for you.''

The appellee did nothing more, and no further request of him was made by the appellant. After the expiration of thirty days from the appellant's letter, this suit was filed by him.

We are of the opinion that the appellee's conduct was not such as to violate section 2781, Code 1906 (Hemingway's 1927 Code, section 2440). His letter was evidently

written on the theory that the proper way to cancel the deed of trust on the record was for the clerk of the court so to do on the presentation to him of the canceled note. He clearly stated, however, to the appellant that, if this could not be done, he would do whatever was necessary to complete the cancellation. Appellee was justified in awaiting a further request from the appellant to cancel the deed of trust, and cannot be held to be in default, in the absence of such a request.

*Affirmed.*